UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFRY PESEK, | ) | |
| Plaintiff, | ) ) ) | Case No. 20 C 5788 |
| v. | ) ) ) | Judge Sharon Johnson Coleman |
| LADDIE PESEK, JR. and MARCELLE PESEK, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On September 17, 2021, the Court dismissed defendants' Federal Rule of Civil Procedure 12(b)(2) motion to dismiss based on the lack of personal jurisdiction. In that ruling, the Court did not address defendants' statute of frauds argument because defendants made this argument for the first time in their reply brief, and thus waived it. Defendants then waited over eight months to file the present Rule 12(b)(6) motion to dismiss plaintiff's complaint based on the statute of frauds. Because defendant has filed an answer, and the statute of frauds is an affirmative defense, the Court construes defendants' motion as one for judgment on the pleadings pursuant to Rule 12(c). For the following reasons, the Court denies defendants' motion.

**Legal Standard**

Rule 12(c) specifically states: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "The only difference between a motion for judgment on the pleadings and a motion to dismiss is timing; the standard is the same." *Federated Mutual Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). "To survive a motion for judgment on the pleadings, 'a complaint must state a claim to relief that is plausible on its face.'" *Bishop v. Air Line Pilots Assoc., Int'l*, 900 F.3d 388, 397 (7th Cir. 2018) (citation omitted). When determining whether a complaint states a plausible claim for relief, courts draw all facts and

reasonable inferences in favor of the non-moving party. *ADM Alliance Nutrition, Inc. v. SGA Pharm Lab, Inc.*, 877 F.3d 742, 746 (7th Cir. 2017).

**Background**

Plaintiff Jeffry Pesek ("Jeff") alleges his older brother defendant Laddie Pesek, Jr. ("Laddie") and Laddie's wife, defendant Marcelle Pesek ("Marcelle"), breached an oral contract to create a joint venture to own and operate a waste disposal business. Specifically, Jeff asserts that in late 1997 or early 1998, he proposed to Laddie that they should form a waste disposal company. Jeff also proposed that he would provide the funding and management services for the new company and that Laddie would run the day-to-day operations of the business. Jeff alleges that, thereafter, the parties owned and operated Town and Country Disposal of Western Missouri, Inc. ("TCD").

In 2015, another waste disposal company purchased the stock and assets of TCD. Shortly after the sale, Jeff contacted Laddie about his share of the sale's proceeds. In the end, Laddie did not pay Jeff his shares because Laddie believed his day-to-day running of the businesses for 19 years was worth more than what he called Jeff's initial investment. Rather, Laddie offered to repay Jeff the $350,000 he invested in the businesses as a loan with 4% compound interest for a total amount of $687,058. Jeff did not accept Laddie's reclassification of his investment as a loan. According to the complaint, Marcelle and Laddie have failed to respond to Jeff's demands for full payment of his shares resulting from the sale of their joint venture.

In his complaint, Jeff brings a breach of contract claim based on the oral agreement to create a joint venture, a breach of fiduciary duty claim, and, in the alternative, an unjust enrichment claim.

**Discussion**

In their Rule 12(c) motion, defendants argue plaintiff's breach of the oral contract claim fails under Illinois' statute of frauds ("Frauds Act"). Although the traditional interpretation of the Frauds Act is that it applies to contracts that are incapable of being performed within a year, the Illinois

2

Appellate Court has clarified that "if an oral agreement could potentially be performed within a year, regardless of the parties' expectations or the actual course of events, then the Frauds Act will not bar its enforcement." *Church Yard Commons Ltd. P'Ship v. Podmajersky, Inc.*, 76 N.E.3d 96, 103, 412 Ill.Dec. 656, 663, 2017 IL App (1st) 161152, ¶ 27 (1st Dist. 2017). "Under this approach, all contracts of uncertain duration are exempted from compliance with the statute." *Id.* Meanwhile, the "purpose of the writing requirement of the Frauds Act is not to enable parties 'to repudiate contracts that they have in fact made; it is only to prevent the fraudulent enforcement of asserted contracts that were in fact not made.'" *Rose v. Mavrakis*, 799 N.E.2d 469, 478, 278 Ill.Dec. 751, 760, 343 Ill.App.3d 1086, 1096–97 (1st Dist. 2003) (citation omitted).

Here, whether the parties' oral contract was of an uncertain duration, and thus exempt from the statute of frauds, is a factual issue that is intertwined with the substantive issues of this lawsuit. Moreover, evidence may show that the joint venture could *potentially* have been performed in one year. *See, e.g., Anderson v. Rush Street Gaming, LLC*, No. 20-cv-4794, 2021 WL 4439411, at *5 (N.D. Ill. Sept. 28, 2021) (Blakey, J.). As such, viewing the allegations and all reasonable inferences in Jeff's favor, the statute of frauds defense cannot be resolved at this juncture.

**Conclusion**

For these reasons, the Court denies defendants' Rule 12(c) motion for judgment on the pleadings [64].

**IT IS SO ORDERED.**

Date: 7/25/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge